IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No.: 2:08-cr-156-WKW |
| ) | |
| DONALD EARL McCAIN   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On 9 January 2009, Defendant Donald Earl McCain (McCain) filed a Motion to Continue Deadline for Filing Pretrial Motions. (Doc. #24). McCain's basis for the continuance was his inability to consult with counsel due to his fugitive status. The Court denied that Motion, finding "it [] unnecessary to reset the pretrial motions filing deadline merely because Defendant [] fled from supervision, thereby creating the circumstance [] proffered as the justification for the Motion." (Doc. #26). On 14 January 2009, McCain filed a Motion to Suppress. (Doc. #31). On 2 February 2009, the Government filed a Response. (Doc. #34). On 9 February 2009, McCain filed a Reply. (Doc. #35). For the reasons which follow, the undersigned RECOMMENDS that the Motion to Suppress be DENIED.

**I.   DISCUSSION**

McCain has been charged in a two-count indictment with knowingly receiving and distributing child pornography and possessing a computer containing images of child pornography. McCain moves to suppress "all evidence resulting from the January 31, 2007, search and interrogation of [] McCain at his residence." (Doc. #31). McCain claims that "[he] did not knowingly and voluntarily consent to the requested entry of his home and

search and seizure of his computer." *Id.* McCain asserts that when confronted by agents from the Federal Bureau of Investigation, McCain demonstrated delusional thinking, and the agents, "rather than acknowledging the evidence of delusion, took advantage of [] McCain to obtain his apparent consent and cooperation with their investigation against him." *Id.* Thus, McCain concludes his consent was improperly obtained and the fruits of the subsequent search must be suppressed.

The Government counters that McCain, as a fugitive, should not be allowed to proceed forward with this motion because he is "attempting to obtain the benefit of a favorable ruling from this Court without risking the burdens that may flow from an adverse decision." (Doc. #34 at 3). *See*, e.g., *United States v. Cruz-Guzman*, 2009 WL 103530 (D. Neb. Jan. 14, 2009) (finding fugitive defendant's motion to suppress "an appropriate situation for the application of the fugitive disentitlement doctrine.")

In addition, the Government argues that McCain's Motion should be denied on the merits as McCain's conclusory arguments do not establish that his consent was coerced or that he suffers from any significant mental limitation. Further, the Government asserts that "[s]uppression is especially unwarranted in this case, because even after obtaining the defendant's verbal and written consent, the agents subsequently secured a federal search warrant for McCain's computer wholly independent of that consent." (Doc. #34 at 6).

In any event, McCain has clearly put his mental state at issue, but is unavailable for either the Government or the Court to evaluate. The parties agree the motion should not go forward at this time and so does the Court. Setting a hearing in this on this matter would be

a hollow exercise and thus, wasteful of judicial resources.

McCain requests the Court hold his motion in abeyance until he decides to return to the Court's jurisdiction (or until he is returned). The Court declines to grant McCain such a favor. Rather, this Motion is properly dismissed. As the Court indicated in the Order (Doc. #26) denying McCain's request to file his pretrial motions out of time; McCain cannot abscond from the Court's jurisdiction and expect the Court, and all interested parties, to accommodate his extraordinary requests.

## II.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the Motion to Suppress (Doe. #31) be DENIED without prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 25 February 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc., 667* F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 198 *1)(en banc),* adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE this 12th day of February, 2009.

                                                */s/* Wallace Capel, Jr.
                                                WALLACE CAPEL, JR.
                                                UNITED STATES MAGISTRATE JUDGE