IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:08-cr-156-WKW |
| | ) | |
| DONALD EARL McCAIN | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss (Doc. #30), the Government's Response (Doc. #45), and Defendant's Reply (Doc. #46). On 9 April 2009, this Court held a hearing on Defendant's Motion.[1]  Upon consideration of the Motion, the undersigned RECOMMENDS it be DENIED.

## I.   BACKGROUND

Defendant was charged in a two-count indictment, with knowingly receiving and distributing child pornography (Count One) and knowingly possessing child pornography (Count Two).  In his Motion to Dismiss, Defendant argued that the two counts "essentially address the same conduct," and that "Double Jeopardy jurisprudence as held by *Blockburger* and its progeny, requires that only a single conviction may lawfully be imposed."  (Doc. #30 at 5).  Defendant also filed a Motion for Bill of Particulars requesting the Court instruct the Government "to provide a written Bill of Particulars identifying the particular images alleged in the Indictment which the government intends to introduce in evidence at the trial to

---

[1] Defendant failed to appear for the hearing and thus waived his right to be present.

support the charges contained in the Indictment." (Doc. #29 at 1). The Court granted the Motion and Ordered (Doc. #36) the Government to file the Bill of Particulars. In the Bill of Particulars, the Government  asserted that Count One of the indictment was based on approximately 676 child pornography image files Defendant had knowingly emailed to another person from 31 January 2003, to 9 June 2003, and that Count Two was based on the hundreds of other images of child pornography found on Defendant's computer in 2007. The Bill of Particulars made clear that the images to be used for Count Two were not the same as those to be used for Count One.

After the Bill of Particulars was filed, and the Government had identified separate images for each count, the Court inquired as to wether Defendant wished to proceed on his Motion to Dismiss. *See* (Doc. #39). Defendant informed the Court that he intended to proceed. Accordingly, the Government filed a Response to the Motion to Dismiss, arguing: (1) "[D]efendant has been charged with distribution of child pornography, which does not raise the same double jeopardy concerns that have been raised in the context of receipt and possession cases"; and (2) "the Double Jeopardy Clause is not implicated in this case because each count is based on different child pornography images." (Doc. #45 at 1). Defendant filed a Reply (Doc. #46), in which he acknowledged that the Government had identified different images to be used in the two separate counts, but argued that he "would be unable to identify whether a prejudicial variance or an improper amendment of the indictment had occurred during a trial of this Indictment" and that "[u]nder the present condition of the

Indictment, conviction of both offenses would be multiplicitous and violate the same elements test described by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932)." (Doc. #46 at 2-3).

In its Bill of Particulars, the Government specifically identified the images to be used for Count One of the Indictment.  At the hearing, the Government more specifically set forth which images would be used for which count.  Following the hearing, the Government filed an Amended Bill of Particulars, listing the images to be used in support of Count Two.  (Doc. #51).

At the hearing on the Motion to Dismiss, Defendant conceded that, pursuant to the Bill of Particulars, the Indictment would not run afoul of the *Blockburger* test.  Instead Defendant argued that the Court should go beyond the *Blockburger* analysis and determine the issue based on equity and congressional intent to authorize cumulative punishments for both the distribution and possession of child pornography images during the same criminal episode.

## II.    DISCUSSION

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.   The Double Jeopardy Clause "[protects] a defendant against cumulative punishments for convictions on the same offense."  *Ohio v. Johnson*, 467 U.S. 493, 500 (1984).  "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions,

the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

This indictment does not run afoul of the *Blockburger* test, because he is being charged with distribution of one set of child pornography images and knowingly possessing a computer containing another set of child pornography images. The acts of distribution constitute a different violation than the possession charges.[2] As stated above, Defendant asks this Court to go beyond the *Blockburger* test to determine if Congress intended "to authorize cumulative punishments for both the distribution and possession of child pornography images during the same criminal episode." (Doc. #46 at 3).[3]

First, the Court does not agree with Defendant that the distribution and possession of the images constituted the same criminal episode. The Government alleges that the distribution took place through individual emails, such that there were hundreds of individual acts of distribution between February and June of 2003. Even if the possession of the other

_____

[2] In his Motion to Dismiss, Defendant cites toi cases in which courts have found the indictment to run afoul of the Double Jeopardy Clause. However, these cases often involved separate charges stemming from the same group of images, and/or involved a finding that possession was a lesser included offense of receipt. *See, e.g. United States v. Miller*, 527 F.3d 54, 71 n.15 (3d Cir. 2008) ("[T]he Constitution's double jeopardy clause barred entry of separate convictions for receiving and possessing *the same images of child pornography*.") (emphasis added); *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008). Here, Defendant is not charged with possession and receipt, but with possession and distribution, which involved separate acts and separate groups of photographs.

[3] At the hearing, counsel for the Defendant conceded that he was unaware of any court that had employed this type of analysis and that most courts simply follow the *Blockburger* test.

4

images took place during the same time period, each act of distribution constituted a unique criminal act.[4]  *See* 18 U.S.C.A. § 2252A(a)(2)(A).

Second, Defendant argues that, based on the language of Senate Report 104-358 (1996), "it appears that Congress intended to jointly address possession and distribution in its effort to abolish child pornography."  (Doc. #46 at 4).  Defendant quotes the relevant portion of the Senate Report as follows:

> (13) the elimination of child pornography and the protection of children from sexual exploitation provide a compelling governmental interest for prohibiting production, distribution, possession, sale or viewing of visual depictions of children engaging in sexually explicit conduct . . .

104 S. Rpt. 358. (Doc. #46 at 4).  The Court does not agree that the above quoted subsection indicates that Congress wished to prohibit the prosecution of individuals for both possession and distribution.

Defendant's argument appears to be hinged on the fact that the words "distribution" and "possession" appear contiguous in the above-quoted sentence.  While Congress may have intended to address both possessing and distributing child pornography in the creation of the Child Pornography Prevention Act of 1995 ("the Act"), there is nothing to suggest that they intended possessing and distributing to be considered the same act.  Subsection (13) of the Act is the final subsection of Section 2, which is titled "Findings."  This final subsection

---

[4]  Indeed, it is possible that Defendant could have been charged with each act of distribution as a separate count.

lists the specific and separate acts Congress is attempting to eliminate through the passage of the Act.  Subsection (12) specifically discusses the reasons for prohibiting the possession and viewing of child pornography,[5] while subsection (7) discusses the different reasons for prohibiting the creation and distribution of child pornography.[6]

Further, as Defendant concedes, the sentencing schemes created by Congress include stiffer penalties for those convicted of distribution compared with those convicted of possession.  There is nothing in this Report to suggest that Congress intended to prohibit or even discourage the prosecution of persons for both possession and distribution of child pornography.

Defendant has failed to provide the Court with any reference of Congressional intent to support his position, and the Court therefore finds this argument to be without merit.

## III.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. #30) be DENIED.  It is further

---

[5]  Subsection twelve reads as follows: "(12) prohibiting the possession and viewing of child pornography will encourage the possessors of such material to rid themselves of or destroy the material, thereby helping to protect the victims of child pornography and to eliminate the market for the sexual exploitative use of children[.]"

[6]  Subsection seven reads as follows: "(7) The creation or distribution of child pornography which includes an image of a recognizable minor invades the child's privacy and reputational interests, since images that are created showing a child's face or other identifiable feature on a body engaging in sexually explicit conduct can haunt the minor for years to come[.]"

6

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 18 May 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th day of May, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE